South Porto Rico Sugar Company, apelante, *v.* Comisión de Servicio Público de Puerto Rico, apelada.

Núm. 9205.—*Sometido:* Diciembre 26, 1925. *Resuelto:* Marzo 13, 1946.

*James R. Beverley, R. Castro Fernández y José López Baralt,* abogados de la apelante; *Luis Venegas Cortés,* abogado de la apelada.

El Juez Asociado Señor Córdova emitió la opinión del tribunal.

Revocadas por la Corte de Distrito de San Juan ciertas órdenes dictadas por la Comisión de Servicio Público, se impusieron las costas a la parte apelada, que resultaba ser la

Comisión, por no haber sido contencioso el procedimiento en que se originaron las órdenes revocadas. Se radicó un memorándum de costas, pero éste fué declarado sin lugar por entender la corte inferior que no existe ley que expresamente autorice se condene a la Comisión de Servicio Público al pago de las costas en casos de apelaciones de las decisiones de dicha Comisión.

 La apelante conviene en que, siendo la Comisión de Servicio Público una instrumentalidad del Gobierno creada para un fin público, no puede condenarse al pago de costas sin una ley que lo autorice. Insiste, sin embargo, que los artículos 79 y 85 de la Ley de Servicio Público[1] autorizan la imposición de costas en este caso. Dichos artículos leen así:

"Artículo 79.—Certificación de Autos.—El apelante o apelantes inmediatamente notificarán a la Comisión el hecho de haber apelado, y dentro de treinta días de dicha notificación, dicha comisión certificará los autos del antedicho procedimiento a la corte correspondiente bajo su sello oficial. Los autos incluirán las declaraciones tomadas, las conclusiones de hechos de la comisión basadas sobre dichas declaraciones, si hubiere tales conclusiones, copia de todas las órdenes dictadas por la Comisión en dicho procedimiento, y una copia de la opinión, si la hubiere, archivada por la Comisión. El costo de preparar y certificar dichos autos se pagará a la Comisión por el apelante o apelantes y será incluído en las costas del caso para pagarse según se ordenare por la corte en la determinación final de la apelación; Disponiéndose, que la Comisión no estará en la obligación de certificar y remitir ningún récord de apelación hasta tanto que el apelante o apelantes hayan primeramente depositado en la secretaría de la Comisión el costo total de la preparación y certificación de dicho récord de la Comisión, excepto en los casos de insolvencia debidamente justificados ante la misma Comisión."

"Artículo 85.—Decreto de la Corte.—Forma de dictarlo.—Si la Corte, en virtud de los autos, declarare que la orden apelada es razonable y está de acuerdo con la ley, dictará un decreto desestimando la apelación y confirmando la orden de la Comisión. Si la corte, en

---

[1]Ley núm. 70 de diciembre 6 de 1917 ((2) pág. 433), según enmendada por la Ley núm. 2 de mayo 7 de 1927 (pág. 399).

virtud de los autos, declarare que la orden apelada es irrazonable o que está fundada en evidencia incompetente que materialmente afecta la determinación u orden de la Comisión o que de otro modo no está de acuerdo con la ley, podrá dictar un decreto final revocando la orden de la Comisión, o, a su juicio, puede devolver los autos a la Comisión, con instrucciones de que reconsidere el asunto y dicte la orden que fuere razonable y de acuerdo con la ley. Al dictar cualquier decreto final en cualquier apelación, la corte tendrá pleno poder para la adjudicación de las costas.''

Ninguno de los dos artículos citados dispone expresamente que la Comisión de Servicio Público pague las costas al revocarse su decisión en apelación. El artículo 79 dispone que los gastos de preparación y certificación de los autos se considerarán parte de las costas, y se pagarán según disponga la corte al resolver la apelación. El artículo 85 confiere pleno poder a la corte, en casos apelados de la Comisión de Servicio Público, para adjudicar las costas.

No puede caber duda de que los artículos 79 y 85 de la Ley de Servicio Público facultan a la corte para imponer costas a cualquiera de las verdaderas *partes* en una apelación para revisar una decisión de la Comisión de Servicio Público. En muchos de los casos ventilados ante la Comisión existen dos o más partes. En tales casos no hay dificultad alguna en interpretar los artículos 79 y 85 de la ley: las costas en apelación sólo podrían imponerse a una de las verdaderas partes, y nunca a la Comisión, que no es parte sino árbitro de la controversia. Esa es la regla general en todo caso de apelación en recursos contenciosos, y no tenemos base para suponer que nuestro legislador quiso apartarse de ella. Sentada la premisa de que los artículos 79 y 85 no autorizan la imposición de costas a la Comisión de Servicio Público en casos donde hay dos partes, y no distinguiendo los artículos 79 y 85 entre esos casos y aquéllos donde hay una sola parte, forzoso es concluir que tampoco en estos últimos casos está autorizada la imposición de costas a la Comisión. En otras palabras, en ausencia de una

expresión clara e inequívoca de la legislatura, no debemos suponer que fuese la intención legislativa tratar a la Comisión de Servicio Público, en lo tocante a las costas incurridas al apelarse de sus decisiones, como a cualquier litigante, y no como a un tribunal.

No erró la corte inferior al desestimar el memorándum de costas de la apelante. *Debe confirmarse la resolución apelada.*